# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1294V
**(not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JUDY HO and JASON PHUNG, on behalf of their minor daughter, J.P.,

Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: October 12, 2021

Decision by Stipulation; Damages; Meningococcal Vaccine; Human Papillomavirus ("HPV") Vaccine; Tetanus, diphtheria, and acellular pertussis ("Tdap") Vaccine; Guillain-Barré syndrome ("GBS").

*Michael Firestone*, Marvin Firestone, MD, JD, and Associates, San Mateo, CA, for Petitioners
*Sarah Duncan*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION ON JOINT STIPULATION[1]

On August 27, 2019, Judy Ho and Jason Phung ("Petitioners") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2]  Pet., ECF No. 1.  Petitioners allege their daughter, J.P., suffered from Guillain-Barré syndrome ("GBS") as a result of the human papillomavirus ("HPV"); tetanus, diphtheria, and acellular pertussis ("Tdap"), and meningococcal ("MCV") vaccinations she received on May 18, 2017. *See* Stipulation ¶ 2, 4, dated October 12, 2021 (ECF No. 29); *see also* Petition.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Respondent denies "that the HPV, Tdap, and MCV vaccines caused J.P.'s GBS or any other injury or her current condition." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed October 12, 2021 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

**1. A Lump Sum**

A lump sum of $175,000.00, which amount represents reimbursement of a lien for services rendered on behalf of J.P., in the form of a check payable jointly to petitioners and Department of Health Care Services, mailed to

> Third Party Liability and Recovery Division
> PO Box 997421, MS 4720
> Sacramento, CA 95899
> DHCS Account Number C92413655E-VAC03

Petitioners agree to endorse this check to Department of Health Care Services.

**2. An Annuity**

The remainder of damages shall be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment. Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order Respondent to purchase, and take ownership of, an annuity contract in the amount of $45,000.00,[3] as described below:

Each Life Insurance Company must meet the following criteria:

1. Have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2. have one of the following ratings from two of the following rating organizations:
   a) A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b) Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c) Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

---

[3] To satisfy the conditions set forth herein, in Respondent's discretion, Respondent may purchase one or more annuity contracts from one or more life insurance companies.

      d) Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

The Secretary of Health and Human Services shall purchase an annuity contract from the Life Insurance Company for the benefit of J.P., pursuant to which the Life Insurance Company will agree to make payments periodically to J.P. as described in paragraph 10 of the attached Stipulation. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

      I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

      **IT IS SO ORDERED.**

      **s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| JUDY HO and JASON PHUNG on behalf of their minor daughter, J.P., | ) ) ) ) | |
| Petitioners, | ) ) | No. 19-1294V |
| v. | ) ) | Special Master Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, J.P., Judy Ho and Jason Phung, petitioners, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.P.'s receipt of the human papillomavirus ("HPV"), tetanus, diphtheria, and acellular pertussis ("Tdap"), and meningococcal ("MCV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. J.P. received the vaccinations on May 18, 2017.

3. The vaccines were administered within the United States.

4. Petitioners allege that J.P. suffered from Guillain-Barré syndrome ("GBS") as a result of the HPV, Tdap, and MCV vaccines and that she suffered the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of J.P. as a result of her condition.

6. Respondent denies that the HPV, Tdap, and MCV vaccines caused J.P.'s GBS or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $175,000.00, which amount represents reimbursement of a lien for services rendered on behalf of J.P., in the form of a check payable jointly to petitioners and Department of Health Care Services, and mailed to
>
> > Third Party Liability and Recovery Division
> > PO Box 997421, MS 4720
> > Sacramento, CA 95899
> > DHCS Account Number: C92413655E-VAC03
>
> Petitioners agree to endorse this check to Department of Health Care Services.
>
> b. An amount of $45,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").
>
> These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.     A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b.     Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

  c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

  d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of J.P., pursuant to which the Life Insurance Company will agree to make payments periodically to J.P. for the following items of compensation as follows:

  a. For pain and suffering, beginning October 3, 2023, $9,297.41 per year for five years certain.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $45,000.00. In the event that the cost of the annuity set forth above varies from $45,000.00, the annual payments beginning on October 3, 2023, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $45,000.00. The periodic payments provided herein shall be made in certain annual payments to J.P. for the period set forth above. Should J.P. predecease any of the certain payments set forth above, any remaining certain payments shall be made to her estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within **twenty (20)** days of J.P.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the

future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of J.P. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioners, in their

individual capacities and as legal representatives of J.P., on behalf of themselves, J.P., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.P. resulting from, or alleged to have resulted from, the HPV, Tdap, and MCV vaccinations administered on May 18, 2017, as alleged by petitioners in a petition for vaccine compensation filed on or about August 27, 2019, in the United States Court of Federal Claims as petition No. 19-1294V.

17. If J.P. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the HPV, Tdap, and/or MCV vaccines caused J.P. to suffer from GBS or any other injury or condition.

22. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of J.P.

END OF STIPULATION

/
/
/

Respectfully submitted,

**PETITIONER:**

*/s/ Judy Ho*
JUDY HO

**PETITIONER:**

*/s/ Jason Phung*
JASON PHUNG

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Michael A. Firestone*
MICHAEL A. FIRESTONE
Marvin Firestone MD, JD & Associates, LLP
1700 South El Camino Real, Suite 408
San Mateo, CA 94402
Tel: (650) 212-4900
Email: michael@lawmdjd.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Dale Mishler, DHSc, APRN, for*
TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 10/12/2021

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Sarah C Duncan*
*by Heather L Pearlman*
SARAH C. DUNCAN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 514-9729
Email: sarah.c.duncan@usdoj.gov